UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK              X

HOA  T. NGHIEM, D.D.S.,

                          Plaintiff,                    ECF 05 CV 5396 (RJH)
                                                        COMPLAINT AND
                                                        JURY TRIAL DEMAND

               -against-

UNITED STATES DEPARTMENT OF VETERANS
AFFAIRS; MARY ANN MUSUMECI, INDIVIDUALLY,
AND AS DEPUTY DIRECTOR BRONX VETERANS
ADMINISTRATION MEDICAL CENTER;
DR. GERALD F. SABOL, INDIVIDUALLY, AND AS
BRONX VETERANS ADMINISTRATION MEDICAL
CENTER DENTAL CHIEF; DR. VINCENT
PETRAZZUOLO, INDIVIDUALLY, AND AS
DENTISTRY ASSISTANT CHIEF, BRONX VETERANS
ADMINISTRATION MEDICAL CENTER;
DR. STEPHEN F. BERGEN, INDIVIDUALLY, AND AS
MANHATTAN VETERANS ADMINISTRATION
MEDICAL CENTER DENTAL CHIEF,

                          Defendants.
                                                   X

       Plaintiff, Dr. Hoa T. Nghiem, as and for her complaint, by her undersigned

counsel, alleges as follows:

INTRODUCTION

       1.  This is an action to remedy violations of the rights of plaintiff under

Common law, and under the Civil Rights Act of 1866, 42 U.S.C.A. Section 1981;

violation of the property and liberty rights of plaintiff without due process by the

supervisory defendants named in their individual capacities under the Civil Rights Act of

1871, 42 U.S.C.A. Section 1983, and the New York State Human Rights Law, New York

Executive Law Section 296;  and violations under the Civil Rights Act of 1991, 42

U.S.C.A. Section 2000e.  Plaintiff's claims are for discrimination based on race, gender

and ethnicity, arising out of past employment at the U.S. Veterans Administration
Medical Center, Bronx, New York.

## JURISDICTION AND VENUE

2.  The jurisdiction of the Court is invoked pursuant to 28 U.S.C.A. Sections 1343
and 1343(4) and under 42 U.S.C.A. Section 1981.  Federal jurisdiction is also based on
diversity of citizenship, as plaintiff is a resident of the State of Maryland and defendants
are located in the State of New York.  Damages, exclusive of interest and costs, are in
excess of seventy-five thousand dollars.  This Court's pendent jurisdiction is also invoked
pursuant to New York State Executive Law Section 296(1)(a), and under New York State
Common Law for defamation per se, self-publication defamation, intentional infliction of
emotional distress, and tortious interference with employment and prospective business
relationships.

3.  The unlawful employment practices alleged herein were committed in whole
or part in the Southern District of New York.

## PARTIES

4.  Plaintiff, currently a resident of Silver Spring, Maryland, is an Asian-American
female of Vietnamese descent.  Plaintiff was employed as a Geriatric Dentist with the
United States Veterans Administration Medical Center located in Bronx County, State of
New York from September 20, 1991, until her unlawful, discriminatory employment
termination on September 17, 1993, three days before the end of plaintiff's two-year
probationary period.  Plaintiff received a Doctor of Dental Surgery ("DDS") degree from
Georgetown University Dental School, Washington, D. C., in 1964.  Plaintiff received
specialty training in periodontics, receiving a Masters Degree of Dentistry from New

2

York University Dental School in 1976, a Certificate of Specialty in 1981 from Boston

University in prosthodontics, and completed a Fellowship in 1991 from UCLA, in

Geriatric Dentistry at the Veterans Administration Medical Center, Los Angeles,

California.  Plaintiff received her foreign DDS and advanced degrees from  Viet Nam,

and Paris, France.  Plaintiff has received numerous commendations for her professional

performance of her duties as a dentist.

     5.   Defendant, United States Department of Veterans Affairs, is, and was at all relevant

times, an agency of the Federal Government of the United States, with oversight responsibility for

the Bronx Veterans Administration Medical Center, and an employer of plaintiff within the

meaning of 42 U.S.C.A. Sections 2000e, *et seq*.

     6.   Defendant, Mary Ann Musumeci, upon information and belief, a resident of the State

of New York, was at all relevant times, Director of the Bronx Veterans Administration Medical

Center, and a supervisor of plaintiff.  As plaintiff's supervisor during her employment, defendant

Musumeci had the power to make personnel decisions regarding plaintiff's employment, and

aided and abetted the unlawful conduct described in this complaint.

     7.   Defendant ,Dr. Gerald F. Sabol, upon information and belief, a resident of the State of

New York, was at all relevant times Bronx Veterans Administration Medical Center Chief of

Dentistry, and a supervisor of plaintiff.   As plaintiff's supervisor during her employment,

defendant Sabol had the power to make personnel decisions regarding plaintiff's employment, and

aided and abetted the unlawful conduct described in this complaint.

     8.   Defendant, Dr. Vincent  Petrazzuolo, upon information and belief a resident of the

State of New York, was at all relevant times, Assistant Chief of Dentistry Bronx Veterans

Administration Medical Center and a supervisor of plaintiff.  As plaintiff's supervisor during her

employment, defendant Petrazzuolo had the power to make personnel decisions regarding

plaintiff's employment, and aided and abetted the unlawful conduct described in this complaint.

9.  Defendant, Dr. Stephen F. Bergen, upon information and belief a resident of the State of New York, was at all relevant times, Manhattan Veterans Administration Medical Center Chief of Dentistry, and a supervisor of plaintiff.  As plaintiff's supervisor during her employment, defendant Bergen had the power to make personnel decisions regarding plaintiff's employment, and aided and abetted the unlawful conduct described in this complaint.

## PROCEDURAL REQUIREMENTS

10.  Plaintiff has satisfied all procedural requirements prior to commencing this action.  Plaintiff has attempted to exhaust administrative remedies since 1993, with a final request in February 2005 and determination dated March 9, 2005, from the Department of Veterans Affairs Regional Counsel refusing to clear plaintiff's personnel record.

## FACTS

11.  The acts of discrimination are based upon accusations by plaintiff's supervisors of substandard professional dental treatment of certain patients at the Bronx Veterans Administration Medical Center.  Defendants preferred disciplinary charges against plaintiff without cause and without proper due process and opportunity to be heard, going so far as to illegally withhold plaintiff's evidence from the administrative proceedings, suspending plaintiff's hospital privileges, and ultimately removing plaintiff from her position as a dentist. Upon information and belief, this unlawful conduct was discriminatory prejudice against plaintiff based on race and ethnicity.

12.  Plaintiff has been unable, despite reasonable efforts, to find comparable employment, or any employment as a Doctor of Dental Surgery since her unlawful termination in 1993.

4

13.  On or about June 18, 2002, the University of the State of New York's Board of Regents accepted the findings dated  May 21, 2002, of the Regents Review Committee, and issued an Order finding all charges brought by defendants against plaintiff unfounded and dismissed the charges.  Despite repeated requests and as recently as March 2005, to this date, defendants have refused to acknowledge the Order and have refused to clear plaintiff's personnel records of the charges. A copy of the Order is attached to this complaint as Exhibit A.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

<u>Racial and Ethnic Discrimination in Termination of Employment in Violation</u>
<u>of the Civil Rights Act of 1866, 42 U.S.C.A. Section 1981.</u>

14.   Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 13 above.

15.  The acts of discrimination are based upon accusations by plaintiff's supervisors of substandard professional dental treatment of certain patients at the Bronx Veterans Administration Medical Center.  Defendants preferred disciplinary charges against plaintiff without cause and without proper due process and opportunity to be heard, going so far as to illegally withhold plaintiff's evidence from the administrative proceedings and suspending plaintiff's hospital privileges. Upon information and belief, this unlawful conduct was discriminatory prejudice against plaintiff based on race and ethnicity.

16.  Plaintiff has been unable, despite reasonable efforts, to find comparable employment, or any employment as a Doctor of Dental Surgery since her unlawful termination in 1993.

17.  As a proximate result of defendants' racial discrimination against plaintiff, plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

18.  As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

19.  The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling plaintiff to an award of punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION

Violation of Plaintiff's Property and Liberty Rights without Due Process

By Individuals, Supervisory Defendants under the Civil Rights Act of 1871,

U.S.C.A. Section 1983.

20.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 19 above, as if fully set forth herein.

21.  Defendants Sabol, Petrazzuolo, Musumeci and Bergen, all had direct supervisory authority over plaintiff, and  by their conduct created the impression of facts that are false and that malign plaintiff's honesty, trustworthiness, dependability, and professional abilities; defendants engaged in publication of such statements to the public or others who have need to know.  These incidents showed animosity towards plaintiff.  The

reasons given for plaintiff's termination were false and of a defamatory nature. Plaintiff

has a reasonably foreseeable obligation to repeat the defamatory statements in the course

of giving an honest account of the reasons for termination when confronted with inquiries

from prospective employers.  Defendants had knowledge that such statements were false

or recklessly  disregarded  their falsity.  Plaintiff has been compelled to make self-

publication of defamatory statements to prospective employers, and has been denied new

employment based on self-publication.

     22.  As a result of the foregoing conduct, plaintiff has suffered and will continue

to suffer severe mental anguish and pain, including loss of self-esteem, personal dignity

and career fulfillment, as well as nervousness and other physical distress which

originated from the aforesaid mental suffering.  Plaintiff has also confronted great

inconvenience, indignity and risk, including but not limited to a loss of her livelihood,

and a loss of ability to meet various financial obligations.  Thus, plaintiff was inhibited

and prevented from enjoying life, and was forced to undergo emotional injury which she

will continue to experience in the future.

     23.  As a further proximate result of defendants' actions, plaintiff has suffered and

continues to suffer severe and lasting embarrassment, humiliation and anguish, and other

incidental and consequential damages and expenses.

     24.  The conduct of defendants was outrageous and malicious, was intended to

injure plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling

plaintiff to an award of punitive damages.

AS AND FOR A THIRD CAUSE OF ACTION

Common Law Defamation Per Se

25.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 24 above, as if fully set forth herein.

26.  Defendants, by their conduct created the impression of facts that are false and that malign plaintiff's honesty, trustworthiness, dependability, and professional abilities; defendants engaged in publication of such statements to the public or others who have need to know.  These incidents showed animosity towards plaintiff.  The reasons given for plaintiff's termination were false and of a defamatory nature. Plaintiff has a reasonably foreseeable obligation to repeat the defamatory statements in the course of giving an honest account of the reasons for termination when confronted with inquiries from prospective employers.  Defendants had knowledge that such statements were false or recklessly  disregarded  their falsity.  Plaintiff has been compelled to make self-publication of defamatory statements to prospective employers, and has been denied new employment based on self-publication.

27.  As a result of the foregoing conduct, plaintiff has suffered and will continue to suffer severe mental anguish and pain, including loss of self-esteem, personal dignity and career fulfillment, as well as nervousness and other physical distress which originated from the aforesaid mental suffering.  Plaintiff has also confronted great inconvenience, indignity and risk, including but not limited to a loss of her livelihood, and a loss of ability to meet various financial obligations.  Thus, plaintiff was inhibited and prevented from enjoying life, and was forced to undergo emotional injury which she will continue to experience in the future.

28.  As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

29.  The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling plaintiff to an award of punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION

#### Common Law Self-Publication Defamation

30.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 29 above, as if fully set forth herein.

31.  Defendants, by their conduct created the impression of facts that are false and that malign plaintiff's honesty, trustworthiness, dependability, and professional abilities; defendants engaged in publication of such statements to the public or others who have need to know.  These incidents showed animosity towards plaintiff.  The reasons given for plaintiff's termination were false and of a defamatory nature. Plaintiff has a reasonably foreseeable obligation to repeat the defamatory statements in the course of giving an honest account of the reasons for termination when confronted with inquiries from prospective employers.  Defendants had knowledge that such statements were false or recklessly  disregarded  their falsity.  Plaintiff has been compelled to make self-publication of defamatory statements to prospective employers, and has been denied new employment based on self-publication.

32.  As a result of the foregoing conduct, plaintiff has suffered and will continue to suffer severe mental anguish and pain, including loss of self-esteem, personal dignity and career fulfillment, as well as nervousness and other physical distress which originated from the aforesaid mental suffering.  Plaintiff has also confronted great inconvenience, indignity and risk, including but not limited to a loss of her livelihood, and a loss of ability to meet various financial obligations.  Thus, plaintiff was inhibited and prevented from enjoying life, and was forced to undergo emotional injury which she will continue to experience in the future.

33.  As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

34.  The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling plaintiff to an award of punitive damages.

<u>AS AND FOR A FIFTH CAUSE OF ACTION</u>

<u>Intentional Infliction of Emotional Distress</u>

35.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 34 above, as if fully set forth herein.

36.  Defendants, by their intentional, malicious and hostile conduct created the impression of facts that are false and that malign plaintiff's honesty, trustworthiness, dependability, and professional abilities; defendants  engaged in publication of such statements to the public or others who have need to know.  These incidents showed animosity towards plaintiff and caused great emotional distress.

37.  As a result of the foregoing conduct, plaintiff has suffered and will continue to suffer severe mental anguish and pain, including loss of self-esteem, personal dignity and career fulfillment, as well as nervousness and other physical distress which originated from the aforesaid mental suffering.  Plaintiff has also confronted great inconvenience, indignity and risk, including but not limited to a loss of her livelihood, and a loss of ability to meet various financial obligations.  Thus, plaintiff was inhibited and prevented from enjoying life, and was forced to undergo emotional injury which she will continue to experience in the future.

38.  As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

AS AND FOR A SIXTH CAUSE OF ACTION

Tortious Interference with Employment and Prospective Business Relationships

39.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 38 above, as if fully set forth herein.

40.  Defendants' adverse employment termination action affected the terms, conditions, professional privileges, and duration of plaintiff's employment, including criticism, ostracism, refusal to promote, denial of benefits and disparate treatment of plaintiff in discharge from employment on the basis of her race and ethnicity was in violation of law.

41.  As a result of the foregoing Plaintiff has been unable, despite reasonable efforts, to find comparable employment, or any employment as a Doctor of Dental Surgery since her unlawful termination in 1993.

42.  As a proximate result of defendants' tortious interference with plaintiff's employment and prospective business relationships, plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

43.  As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

44.  The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling plaintiff to an award of punitive damages.

<u>AS AND FOR A SEVENTH CAUSE OF ACTION</u>

<u>MALICIOUS PROSECUTION</u>

45.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 44 above, as if fully set forth herein.

46.   As a proximate result of defendants' malicious prosecution of plaintiff, on false disciplinary charges without probable cause and without due process of law, which charges were ultimately dismissed against plaintiff, by the New York State Board of Regents, plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

47.  As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

48.  The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling plaintiff to an award of punitive damages.

AS AND FOR AN EIGHTH CAUSE OF ACTION

ABUSE OF PROCESS

49.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 48 above, as if fully set forth herein.

50.  As a proximate result of defendants' malicious prosecution of false disciplinary  charges against plaintiff, defendants sought to use the disciplinary process to destroy plaintiff's professional career and personal life, by reporting plaintiff's alleged misconduct to the New York State Licensing Board to induce the Board to revoke plaintiff's license to practice dentistry.  Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

51.  As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

52.  The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling plaintiff to an award of punitive damages.

53.  The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling plaintiff to an award of punitive damages.

## AS AND FOR A NINTH CAUSE OF ACTION

Violations of the New York State Human Rights Law Section 296

54.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 53 above, as if fully set forth herein.

55.  Defendants' adverse employment termination action affected the terms, conditions, professional privileges, and duration of plaintiff's employment, including criticism, ostracism, refusal to promote, denial of benefits and disparate treatment of plaintiff in discharge from employment on the basis of her race and ethnicity was in violation of the New York State Human Rights Law, Executive Law Section 296 (1)(a).

56.  As a result of the foregoing Plaintiff has been unable, despite reasonable efforts, to find comparable employment, or any employment as a Doctor of Dental Surgery since her unlawful termination in 1993.

57.  As a proximate result of defendants' racial discrimination against plaintiff, plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

58.  As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

59.  The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling plaintiff to an award of punitive damages.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff prays that this Court grant judgment to her containing the following relief:

a.  For each and every cause of action, an award of plaintiff's actual damages in an amount not less than five million ($5,000,000.00) dollars each, to be determined at trial, for loss of wages, benefits, professional employment and promotional opportunities, including an award of front pay,  compensating plaintiff for loss of future salary and benefits;

b.  For all causes of action an award of damages in an amount not less than one million ($1,000,000.00) dollars each, to be determined at trial, to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

c.  An award of punitive damages;

d.  An order enjoining defendants from engaging in the wrongful practices alleged herein and requiring defendants to adhere to the determination of the New York State Board of Regents clearing plaintiff of all charges, and  to expunge all references to the grounds for employment termination from plaintiff's personnel records;

e.  Interest on all amounts due;

f.  An award of reasonable attorneys' fees and the costs of this action; and

g.  Such other and further relief as this Court may deem just and proper.

<u>JURY DEMAND</u>

Plaintiff demands a jury of six persons for all claims stated herein.

Dated:  Mohegan Lake, New York

      May 31, 2005

                    HARKINS & HUNTE
                    By: _____
                    Adrian C. Hunte (AH-4514)
                    A Member of the Firm
                    3031 East Main Street, Suite A
                    Mohegan Lake, New York 10547
                    (914) 526-1000