MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants
By:    JOHN P. CRONAN (JC-1627)
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York  10007
        Tel.: (212) 637-2779
        Fax: (212) 637-2730

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

HOA T. NGHIEM, D.D.S.,

            Plaintiff,

            v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, MARY ANN
MUSUMECI, individually, and as Deputy
Director Bronx Veterans Administration Medical
Center, DR. GERALD F. SABOL, individually,
and as Bronx Veterans Administration Medical
Center Dental Chief, DR. VINCENT
PETRAZZUOLO, individually, and as Dentistry
Assistant Chief, Bronx Veterans Administration,
DR. STEPHEN F. BERGEN, individually, and as
Manhattan Veterans Administration Medical
Center Dental Chief,

            Defendants.
------------------------------------------------------------ x

**ELECTRONICALLY FILED**

05 Civ. 5396 (RJH)

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

        Pursuant to Civil Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, defendants the United States Department of Veterans Affairs (the "VA"), Mary Ann Muscumeci, Dr. Gerald F. Sabol, Dr. Vincent Petrazzuolo, and Dr. Stephen F. Bergen, by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, state that there is no genuine issue to be tried with respect to the

following material facts:

1. In September 2001, plaintiff Hoa T. Nghiem, D.D.S., ("Dr. Nghiem") was hired by the VA as a geriatric dentist, to work at the Veterans Affairs Medical Center in Bronx, New York (the Bronx VA"). *See* Declaration of Dr. Gerald Sabol, Sept. 22, 2005 ("Sabol Decl."), ¶ 3.

2. Dr. Nghiem was hired to work at the Bronx VA on a two-year probationary basis, which is standard procedure for newly hired doctors at the Bronx VA. *See* Sabol Decl. ¶ 3.

3. Dr. Nghiem's direct supervisors at the Bronx VA were defendant Dr. Gerald Sabol, then Chief of Dental Service, and defendant Dr. Vincent Petrazzuolo, then Assistant Chief of Dental Service. *See* Declaration of Dr. Vincent Petrazzuolo, Sept. 22, 2005 ("Petrazzuolo Decl."), ¶ 3; Sabol Decl. ¶ 4.

4. Dr. Petrazzuolo was Dr. Nghiem's direct supervisor, responsible for her daily supervision and addressing any clinical problems, while Dr. Sabol was her second line supervisor. *See* Petrazzuolo Decl. ¶ 3; Sabol Decl. ¶ 4.

5. During the course of Dr. Nghiem's employment, Dr. Sabol and Dr. Petrazzuolo determined that Dr. Nghiem's performance was deficient in multiple respects, such that the health and safety of veterans treated at the Bronx VA was being endangered. *See* Petrazzuolo Decl. ¶ 4; Sabol Decl. ¶ 5.

6. Dr. Petrazzuolo gave Dr. Nghiem low ratings on various proficiency reports prepared during the course of Dr. Nghiem's residency, citing, *inter alia*, her poor clinical judgment, unsatisfactory administrative competence, failure to keep abreast of her patients' medical status, and problems interacting with her coworkers. *See* Petrazzuolo Decl., Exs. N–P.

7. Dr. Sabol and Dr. Petrazzuolo recommended that Dr. Nghiem's employment with

the Bronx VA be terminated prior to the conclusion of the 2-year probationary period. *See* Sabol Decl. ¶ 9.

8.     In or about August 1993, the Bronx VA convened the Dental Professional Standards Board (the "Board"), chaired by defendant Dr. Stephen F. Bergen, the Chief of Dental Services at the Department of Veterans Affairs New York Harbor Healthcare System, 423 East 23rd Street, New York, New York 10010 (the "Manhattan VA"), to determine whether Dr. Nghiem's employment at the Bronx VA should continue. *See* Declaration of Dr. Stephen F. Bergen, September 21, 2005 ("Bergen Decl.") ¶ 4; *see also id.* Ex. B.

9.     On August 11, 1993, Dr. Bergen notified Dr. Nghiem that the Board would review her performance "to determine the feasibility of [her] continued employment with the Bronx VA." Bergen Decl. ¶ 5, Ex. A at 1.

10.    Dr. Bergen informed Dr. Nghiem that the Board would meet on August 19, 1993, that she was allowed to appear in person to present her side of the case or submit a written statement to the Board, and that the Board's recommendation would be based on the record, the facts of the case, and any information furnished by Dr. Nghiem and others. *See* Bergen Decl. ¶ 5, Ex. A at 1.

11.    On August 19, 1993, the Board interviewed Dr. Sabol, Dr. Petrazzuolo, and Dr. Nghiem, and reviewed Dr. Nghiem's personnel folder, an evidence file prepared by officials at the Bronx VA, and additional documents provided by Dr. Nghiem. *See* Bergen Decl. ¶ 6, Ex. B.

12.    Dr. Petrazzuolo testified before the Board with respect to Dr. Nghiem's poor diagnostic skills, inadequate assessment of various patients' medical conditions, imprecise directives to dentists for subsequent treatments, and substandard recommended treatment plans.

*See* Bergen Decl. ¶ 7, Ex. B; Petrazzuolo Decl. ¶ 8.

13.     Dr. Sabol testified to the quality assurance problems arising from Dr. Nghiem's fabrication of data and to interpersonal relationship problems between Dr. Nghiem and the rest of the hospital staff.  *See* Bergen Decl. ¶ 7, Ex. B; Sabol Decl. ¶ 11.

14.     Dr. Nghiem claimed that the allegations were false and that she was not informed of the expectations for her position as a geriatric dentist.  *See* Bergen Decl. ¶ 7, Ex. B.

15.     The Board recommended Dr. Nghiem's "employment with the Department of Veterans Affairs be terminated prior to the end of her probationary period, September 22, 1993." Bergen Decl., Ex. B.

16.     The Board further recommended that Dr. Nghiem not be transferred to another location of the VA, citing her "[h]er inability to work under the layered VA authority structure, her inability to accept criticism and to comply with patient eligibility regulations and her weak clinical judgements," as well as the minimal quality of work Dr. Nghiem produced.  Bergen Decl., Ex. B.

17.     On August 30, 1993, Robert L. Jones, M.D., Chief of Staff of the Bronx VA, concurred with the Board's conclusion "that Dr. Nghiem has not performed at the level of professional competence that is acceptable," and recommended that Dr. Nghiem "be separated from VA service."  Bergen Decl. ¶ 10, Ex. C.

18.     On August 31, 1993, Donald H. Colston, then Director of the Bronx VA, concurred with the Board's and Dr. Jones' recommendation to terminate Dr. Nghiem's employment before the end of her probationary period.  *See* Bergen Decl. ¶ 11, Ex. D.

19.     Dr. Nghiem's probationary employment as a dentist at the Bronx VA was

4

terminated, effective September 17, 1993. *See* Declaration of John P. Cronan, September 23, 2005 ("Cronan Decl."), Ex. B.

20. Defendant Maryann Musumeci began serving as Director of the Bronx VA in September 1994. *See* Declaration of Maryann Musumeci, Sept. 22, 2005 ("Musumeci Decl."), ¶ 2.

21. Prior to serving as Director of the Bronx VA, Director Musumeci served as the Associate Director at the Manhattan VA. *See* Musumeci Decl. ¶ 2.

22. Director Musumeci never worked at the Bronx VA while Dr. Nghiem worked there and had no involvement in the decision to terminate Dr. Nghiem's employment. *See* Musumeci Decl. ¶ 3.

23. On December 16, 1994, Director Musumeci, as Director of the Bronx VA, advised the New York State Education Department, Division of Professional Licensing, that Dr. Nghiem "significantly failed to meet generally accepted standards of clinical competence in her treatment plans and diagnostic judgments during her performance as a dentist as to raise reasonable concerns for the safety of patients." *See* Musumeci Decl., Ex. A.

24. Director Musumeci's referral of Dr. Nghiem's situation was made in complaince with the Veterans' Administration Health-Care Amendments of 1985, Pub. L. No. 99-166, § 402, 99 Stat. 941 (Dec. 3, 1985), and internal VA regulations, Cronan Decl., Ex. C. *See* Musumeci Decl. ¶¶ 4–5.

25. Dr. Nghiem subsequently sent several letters to Director Musumeci demanding that her employment records be expunged of negative evaluations and evidence of her termination. *See* Musumeci Decl. ¶ 6.

26. In a letter dated June 30, 1998, Director Musumeci informed Dr. Nghiem that she has "been afforded all due process rights attendant to probationary dentists [and that she was] afforded all appeal rights entitled by the federal discrimination complaints process." Musumeci Decl., Ex. B.

27. Director Musumeci further informed Dr. Nghiem that the Equal Employment Opportunity Commission decision, affirming her dismissal, is not subject to the Bronx VA's review, alteration, or amendment.

28. On March 9, 2005, Max D. Shemtob, Regional Counsel for the VA, wrote to Dr. Nghiem's attorney, explaining that the fact that the New York State Board of Regents may have ultimately found Dr. Nghiem not guilty of the charges brought against her by the New York State Education Department Office of Professional Discipline has no bearing on the procedural or substantive validity of the Bronx VA's 1993 termination of Dr. Nghiem's employment. *See* Musumeci Decl., Ex. C.

29. The Department of Veterans Affairs, Veteran Health Services and Research Administration Manual M-2, as in effect at the time Dr. Nghiem's employment was terminated, sets forth the procedures for releasing information concerning "[s]eparated licensed health care professionals to State licensing board(s) . . . in the absence of a State licensing board inquiry." Cronan Decl., Ex. C § 34.01(a)(1).

30. Pursuant to the Department of Veterans Affairs, Veteran Health Services and Research Administration Manual M-2:

> VA is responsible for ensuring that its patients receive appropriate and safe health care. In a like manner, VA has the obligation to alert those entities charged with licensing health care professionals when there is serious concern with regard to a

>licensed health care professional's clinical practice. This obligation includes notifying State licensing boards of VA's concern with regard to the clinical practice of former employees and responding to inquiries from State licensing boards concerning the clinical practice of current and former employees. Further, VA has the obligation of responding honestly to inquiries from prospective employers regarding the clinical practice of current and former employees.

Cronan Decl., Ex. C § 34.03.

31. Accordingly, the Bronx VA is obligated to notify the state licensing board whenever a doctor is terminated from the Bronx VA for reasons relating to the doctor's clinical competence.

32. Dr. Sabol, Dr. Petrazzuolo, and Dr. Bergen were not involved in the decision to refer Dr. Nghiem to the state licensing board or in the decision not to expunge Dr. Nghiem's personnel records.

By submitting this statement, defendants do not waive their right to contend that any of the above-referenced facts are not material to the present action.

Dated:     September 23, 2005
           New York, New York

                                      Respectfully submitted,

                                      MICHAEL J. GARCIA
                                    United States Attorney
                                    Attorney for Defendants

                 By:     /s/ John P. Cronan
                       JOHN P. CRONAN (JC-1627)
                       Assistant United States Attorney
                       86 Chambers Street, 3rd Floor
                       New York, New York 10007
                       Tel.: (212) 637-2779
                       Fax: (212) 637-2730