UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---- ---- ---- ---- ---- ---- x
HOA T. NGHIEM, D.D.S.,

       Plaintiff,

  v.

                        ECF 05 Civ. 5396 (RJH)

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, MARY ANN
MUSUMECI, individually, and as Deputy
Director Bronx Veterans Administration Medical    PLAINTIFF'S Rule 56.1
Center, DR. GERALD F. SABOL, individually,    Statement
and as Bronx Veterans Administration Medical
Center Chief, DR. VINCENT PETRAZZUOLO,
individually, and as Dentistry Assistant Chief,
Bronx Veterans Administration Medical
Center, DR. STEPHEN F. BERGEN, individually,
and as Manhattan Bronx Veterans Administration
Medical Center Dental Chief,

       Defendants.
---- ---- ---- ---- ---- ---- x

       Plaintiff, by her attorneys, pursuant to Rule 56.1 states the Following facts are not in dispute:

    1. Plaintiff incorporates by reference the facts as stated in the complaint attached to Defendants' motion for summary judgment.

    2. This is an action to remedy violations of the rights of plaintiff under Title VII, Common law, and under the Civil Rights Act of 1866, 42 U.S.C.A. Section 1981; violation of the property and liberty rights of plaintiff without due process by the supervisory defendants named in their individual capacities under the Civil Rights Act of 1871, 42 U.S.C.A. Section 1983, and the New York State Human Rights Law, New York Executive Law Section 296, and violations under the Civil Rights Act of 1991, 42

U.S.C.A. Section 2000e.  Plaintiff's claims are for discrimination based on race, gender and ethnicity, arising out of past employment at the U.S. Veterans Administration Medical Center, Bronx, New York.

    3.  Plaintiff, currently a resident of Silver Spring, Maryland, is an Asian-American female of Vietnamese descent.  Plaintiff was employed as a Geriatric Dentist with the United States Veterans Administration Medical Center located in Bronx County, State of New York from September 20, 1991, until her unlawful, discriminatory employment termination on September 17, 1993, three days before the end of plaintiff's two-year probationary period. Plaintiff has advanced degrees and has received numerous commendations for her professional performance of her duties as a dentist.

    4.  The acts of discrimination are based upon accusations by plaintiff's supervisors of substandard professional dental treatment of certain patients at the Bronx Veterans Administration Medical Center.  Defendants preferred disciplinary charges against plaintiff without cause and without proper due process and opportunity to be heard, going so far as to illegally withhold plaintiff's evidence from the administrative proceedings, suspending plaintiff's hospital privileges, and ultimately removing plaintiff from her position as a dentist. Upon information and belief, this unlawful conduct was discriminatory prejudice against plaintiff based on race and ethnicity.

    5.  Plaintiff has been unable, despite reasonable efforts, to find comparable employment, or any employment as a Doctor of Dental Surgery since her unlawful termination in 1993.

6. On or about June 18, 2002, the University of the State of New York's Board of Regents accepted the findings dated May 21, 2002, of the Regents Review Committee, and issued an Order finding all charges brought by defendants against plaintiff unfounded and dismissed the charges. Despite repeated requests and as recently as March 2005, to this date, defendants have refused to acknowledge the Order and have refused to clear plaintiff's personnel records of the charges.

7. Genuine issues of material fact exist that can only be decided by the fact-finder. Accordingly, Defendants' motion for summary judgment must be denied in its entirety.

Dated:  Mohegan Lake, New York
        November 13, 2005

> Respectfully submitted,
>
> HUNTE LAW GROUP, P.C.
> Attorneys for Plaintiff
>
> By: _____
>
>    Adrian C. Hunte (AH-4514)
>    3031 East Main Street, Suite A
>    Mohegan Lake, New York 10547
>    Tel.: 914-526-1000; Fax: 914-526-3106